**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**LALANGIE HOSKINS**                                                                              **PLAINTIFF**

**V.**                                                                  **CAUSE NO. 3:17CV00224-MPM-JMV**

**EUGENE DRODER, III AND**
**ANGEL CONTRERAS**                                                                          **DEFENDANTS**

## ORDER

Before the Court are Defendants' Motion [14] for extension of time and request for date certain to respond to the complaint and Plaintiff's motion [17] for entry of default. For the reasons set out below, Defendants' motion is granted in part, and Plaintiff's motion is denied.

By their motion for extension [14] filed April 5, 2018, Defendants point out that notice and acknowledgement (of receipt of complaint and summons by mail) forms served on Defendant GE and Defendant Contreras by the U.S. Marshal Service omitted any indication of a date certain from which their 21 days to respond to the complaint would run.[1] Plaintiff has not responded to this motion; however, on April 10, 2018, she filed both a motion [17] requesting the Clerk's entry of default against all defendants and a motion [18] for default judgment against all defendants. According to the motion requesting the Clerk's entry of default, "the return date in this matter was 03/26/18" and "[a]s of 04/09/2018 of filing this motion, [defendants have] not filed a Response [sic] with the Court."

---

[1] Defendants also aver that service was attempted on Defendant Droder via certified mail at GE's business address in Cincinnati, Ohio. They state, however, that Mr. Droder does not know who at GE signed the certified mail return receipt and that Mr. Droder was not sent a notice and acknowledgement of receipt of complaint and summons by mail form or a federal form that would waive service of process.

In their response [23] (and supporting memo) to Plaintiff's motion requesting the Clerk's entry of default, Defendants submit, *inter alia*, that the basis of Plaintiff's motion, the representation that Defendants were served with process on March 5, 2018, making their responsive pleadings due by March 26, 2018, is incorrect because the record demonstrates no defendant was served on March 5. Defendants further contend they have appeared and are defending against this suit.

Pursuant to FED.R.CIV.P. 55(a), the Clerk must enter a party's default when that party "has failed to plead or otherwise defend, and that failure has been shown by affidavit or otherwise." Here, however, having considered the record which indicates Defendant GE's answer was due by April 20, 2018[2] and that Defendant Contreras's answer was due by April 23, 2018[3], and that all defendants filed their respective answers to the amended complaint on April 10, 2018, the Court finds Defendants GE and Contreras have timely answered the amended complaint; Defendants' motion for an extension of time to respond to the complaint (as amended) is moot with respect to GE and Contreras; and Plaintiff's motion requesting the Clerk's entry of default against all Defendants is without merit. With respect to Defendant Droder, he has clearly indicated he intends to defend against this lawsuit by his request for additional time to respond to the amended complaint and his answer [20] filed the same day as Plaintiff's request for the Clerk's entry of default. As such, the Court finds said Defendant's

---

[2] GE's answer was due 21 days from March 30, 2018, the date on which its representative signed the acknowledgment of service form under Rule 4(e)(1) of the *Federal Rules of Civil Procedure* and Rule 4(c)(3) of the *Mississippi Rules of Civil Procedure.*

[3] Defendant Contreras's answer was due 21 days from April 1, 2018, the day he signed the acknowledgement of service form under Rule 4(e)(1) of the *Federal Rules of Civil Procedure* and Rule 4(c)(3) of the *Mississippi Rules of Civil Procedure.*

motion requesting additional time and a date certain to respond to the amended complaint is well taken[4], and Droder's answer filed April 10 is deemed timely filed.[5]

SO ORDERED this, the 24th day of April, 2018.

/s/ Jane M. Virden
U.S. MAGISTRATE JUDGE

---

[4] Defendants aver Mr. Droder has never been served with process, and Plaintiff has provided no proof of service.

[5] *See Mitchell v. Ace American Ins. Co.*, Civil Action No.: 15-15, 2016 WL 3013994, at *2 (E.D. La. May 26, 2016) (denying motion for entry of default where defendant filed an answer after plaintiff filed a motion for entry of default).