# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# ORFORD DIVISION

LALANGIE HOSKINS,

    Plaintiff,

v.

Case No. 3:17-cv-00224-MPM-JMV
**CONSOLIDATED**
3:18-cv-99-NBB-RP

EUGENE DRODER, III, ANGEL CONTRERAS, AND GE AVIATION

    Defendants.

## PROTECTIVE ORDER GOVERNING USE AND DISCLOSURE OF CONFIDENTIAL INFORMATION

This matter came before the Court based on Defendants' Amended Motion for Entry of Protective Order Governing Use and Disclosure of Confidential Information Disclosed in Discovery ("Motion for Protective Order"). Based on the discussions during the telephonic case management conference on June 11, 2018, and the status conference on June 29, 2018, the Motion for Protective Order and the entire record herein, the Court has determined that Defendants' Amended Motion for Entry of Protective Order Governing Use and Disclosure of Confidential Information Disclosed in Discovery is well taken and should be granted and that a protective order with the terms below should be entered,

IT, THEREFORE, IS ORDERED AS FOLLOWS:

1. Either party may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential" under the terms of this Protective Order.

2. "Confidential Information" is information that a party is producing in this case ("the producing party") to the other party ("the receiving party") and which the producing party reasonably believes has not lawfully been made public and which concerns or relates to the personnel information, medical information, processes, objectives, strategies, plans, operations, products, services, contracts, terms, sales, purchases, transfers, vendors, identification of customers, customer information, customer relationships, costs, profits, losses, financial information, business forecasts, or expenditures of any person, firm, corporation, or other organization or any other information which a Party believes warrants protection as confidential information. This Order shall apply to Confidential Information in the possession of the receiving party. This Order shall not apply to information that remains in the possession of the producing party, whether Plaintiff or Defendant, without regard to whether it is produced in this case.

3. Documents or other materials in any form containing Confidential Information (collectively "documents") that are being designated confidential under this Order shall be so designated by writing, typing, stamping or otherwise affixing the legend "CONFIDENTIAL" (and such other and further legend as may reasonably be included to specify such confidentiality) on copies of the document. Stamping or affixing the legend "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated. Confidential documents (including deposition transcripts) also may be so designated after production by written communication and reproduction with a "CONFIDENTIAL" legend for purposes of substitution of the original documentation, and all parties shall use their

best efforts to ensure that no prior disclosure shall be used or re-disclosed contrary to the terms of this Order.

    (a)    The inadvertent or unintentional disclosure of Confidential Information shall not be deemed a waiver in whole or in part of either party's claim of confidentiality. Any such inadvertently or unintentionally disclosed Confidential Information shall be designated as Confidential Information as soon as reasonably possible after the producing party becomes aware of the inadvertent or unintentional disclosure and provides the other parties with a duplicate copy bearing the legend "CONFIDENTIAL," whereupon the unmarked copies will be returned or destroyed.

    (b)    The designation of information as "CONFIDENTIAL" shall not be construed as a concession by either party that such matter is relevant or material to any issue in this action.

    (c)    Information designated as "CONFIDENTIAL" under this Order, and any summaries, copies, abstracts, or other documents derived in whole or in part from information designated as confidential, shall be used by the parties to whom such information is provided, only for the purpose of the prosecution, defense or settlement of the claims asserted in this action, any trial and appeal of this action and the enforcement of any award or judgment based on such claims, and for no other purpose.

4.    Recognizing the legitimate confidentiality needs of Defendants, all discovery taken from Defendants shall be used by the Plaintiff only for purposes of resolving the claims asserted in this action, any trial and appeal of this action, and enforcement of any award or judgment thereon.

5.    Confidential Information, produced pursuant to this Order, may be disclosed or made available by the receiving party only to counsel for that party

(including the paralegal, clerical and secretarial staff employed by such counsel), to a trier of fact or law in any forum in which the claims asserted in this action may be adjudicated or enforced and the administrators of that forum, and to "Qualified Persons."  A Qualified Person is a person who falls into one of the categories set forth below:

      (a)    the party, or in the case of the corporate defendant, a current or former officer, director, manager, counsel or employee of the party deemed necessary by counsel to aid in the prosecution, defense or settlement of this action;

      (b)    experts or consultants (together with their clerical staff) retained by the party or counsel to assist in the prosecution, defense or settlement of this action;

      (c)    witnesses who are being questioned about their knowledge of the case or who are preparing for or testifying at deposition or at the hearing of this matter either during their testimony or in preparation therefore;

      (d)    court reporters and videographers employed in this action and their support staff;

      (e)    any person to whom disclosure is reasonably necessary to enforce any award or judgment rendered against any party in this proceeding; and

      (f)    any other person ordered by the Court or as to whom all parties in writing agree.

6.    This Order shall be without prejudice to the right of any party at any time after information is designated Confidential Information to file a motion with the Court: (i) to challenge the designation of any particular document or information as Confidential or whether its use should be restricted, provided such party has first made a good-faith attempt to resolve such question with the producing party; or (ii) to seek a separate

protective order as to any particular document or information, including restrictions differing from those as specified herein. Notwithstanding the foregoing, any party who desires to file Confidential Information on the public docket in connection with a motion, or otherwise, must provide advance notice to the producing party, who shall have 3 business days in which to file a motion to seal the Confidential Information in accordance with L.U.Civ.R. 79. During the pendency of such motion, the Information will continue to be treated as confidential pursuant to the terms of this order. In the event no motion to seal is filed or the motion to seal is denied, the Confidential Information may be filed on the public docket. The Order shall not be deemed to prejudice either party in any way in any future application for modifications of this Order. Any information or documents designated as Confidential Information which are subject to challenge pursuant to this paragraph shall be treated as Confidential Information in accordance with the terms of this Order until such time as the Court rules otherwise.

7. This Order shall survive the final termination of this action and the Court shall retain jurisdiction for ninety (90) days to enforce, construe or modify its terms.

       /s/ Jane M. Virden
       U. S. MAGISTRATE JUDGE
       Date: July 3, 2018

APPROVED:

*/s/ John W. Simmons*
John W. Simmons
Sheerin Mehdian
Attorneys for General Electric Company,
Eugene Droder, III, and Angel Contreras
Littler Mendelson, P.C.
3725 Champion Hills Drive, Suite 3000
Memphis, TN  38125
Telephone:  901.795.6695
E-mail: jwsimmons@littler.com