IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**LALANGIE HOSKINS**                                                             **PLAINTIFF**

**V.**                                                                      **NO. 3:17cv224-M**

**EUGENE DRODER, III, ET AL.**                                    **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This cause comes before the Court on Defendants' *Rule 12(b)(6) Motions to Dismiss with Prejudice* [37][39] [48][50]. The Court, having considered the memoranda and submissions of the parties, along with relevant case law and evidence, is now prepared to rule.

## Background

On November 09, 2017, Lalangie Hoskins (Plaintiff) filed her complaints, *pro se*, against Eugene Droder, III, Angel Contreras, and GE Aviation (collectively Defendants) alleging claims of employment discrimination under Title VII of the Civil Rights Act of 1964. In her complaint, Plaintiff describes Defendant Contreras as the "Lead Human Resources Rep." for GE Aviation and Defendant Droder as "Counsel, Labor and Employment" for GE Aviation.

In June 2018, Defendant Angel Contreras and Defendant Eugene Droder, III, moved to dismiss Plaintiff's complaint against them under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants ask this court to dismiss all Title VII claims, any claims under the American with Disabilities Act of 1990 (ADA), and any claims under the Family and Medical Leave Act (FMLA). Defendants also made alternative motions to dismiss; however, because this Court finds that dismissal of both cases is proper pursuant to Rule 12(b)(6) it will not discuss the Defendants' alternative arguments.

**Standard**

Before the Court can grant a motion to dismiss, a Defendant must show that Plaintiff has not met the relevant pleading standard to state a claim. Specifically, a Defendant must show that Plaintiff's complaint fails to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 697, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678.

**Discussion**

a. **Title VII**

"[R]elief under Title VII is available only against an employer, not an individual supervisor or fellow employee." *Foley v. Univ. of Hous. Sys.*, 355 F.3d 333, 340 (5th Cir. 2003). "Individuals are not liable under Title VII in either their individual or official capacities." *Ackel v. Nat'l. Commc'ns, Inc.*, 339 F.3d 376, 381 (5th Cir. 2003).

Here, because Defendants Droder and Contreras are agents of GE Aviation, Plaintiff's claims against Defendants Droder and Conteras, in their individual capacity, fail as a matter of law. Therefore, Defendant Droder's and Defendant Contreras's motions to dismiss pursuant to Rule 12(b)(6) are GRANTED.

b. **ADA**

Like her Title VII claims, Plaintiff's ADA claims against Defendants Droder and Contreras in their individual capacity fail as a matter of law. Pursuant to district court holdings within the Fifth Circuit, as well as holdings by and within other circuits, there is no individual liability under the ADA. *See Franklin v. City of Slidell*, 928 F.Supp.2d 874, 882 (E.D. La. 2013); *Lefort v.*

*Lafourche Parish Fire Protection Dist. No. 3*, 39 F.Supp.3d 820 (E.D. La. 2014); *see also Jones v. Steinheimer*, 387 F.App'x. 766 (4th Cir. 2009); *see also Purcell v. Am. Legion*, 44 F.Supp.3d 1051 (E.D. Wash. 2014) (collecting cases among various district courts finding that there is no individual liability under the ADA – "the consensus view among the district courts in this as well as the Second, Tenth, and Eleventh Circuits is there is no individual liability. . .under the ADA."). Thus, this Court GRANTS Defendants' rule 12(b)(6) motions to dismiss any ADA claims asserted by Plaintiff against Defendants Droder and Contreras.

  c. **FMLA**

Defendants argue that they are not liable for any FMLA violations because neither one of them are Plaintiff's "employer" as defined by the FMLA. This Court agrees. To the extent that Plaintiff is attempting to assert FMLA claims against Defendant Droder and Defendant Contreras, this court finds that such claims also fail and must be dismissed.

The FMLA and the FLSA define "employer" in a "substantially identical" manner, and "accordingly, courts look to FLSA precedent when applying the FMLA." *Crane v. Gore Design Completion, Ltd.*, 21 F.Supp.3d 769, 782 (W.D. Tex. 2014) (citing *Modica v. Taylor*, 465 F.3d 174, 186 (5th Cir. 2006)). In the Fifth Circuit, to determine whether an individual is an employer under the FLSA the court relies on a four-part "economics reality test." *Williams v. Henagen*, 595 F.3d 610, 620 (5th Cir. 2010) (citing *Goldberg v. Whitaker House Coop., Inc.*, 366 U.S. 28, 33, 81 S.Ct. 933, 6 L. Ed. 2d 100 (1961)); *see also Gray v. Powers*, 673 F.3d 352, 355 (5th Cir. 2012). Under the economics reality test, the court considers whether the individual alleged to be an employer: "(1) possessed the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records." *Gray*, 673 F.3d at 355. Because determining

whether Defendant Droder and Defendant Contreras were Plaintiff's employers is the same under the FLSA and the FMLA, the Court will apply the same economic reality test to Plaintiff's FMLA claims against Defendant Droder and Defendant Contreras.

Here, Plaintiff fails to provide facts to suggest to this Court that Defendant Contreras and Defendant Droder were her employers under the FMLA. Record facts do not establish that Defendants Contreras and Droder had the power to hire or fire individuals of GE Aviation; that they supervised employee work schedules or the conditions of employment; that they determined rates and methods of payment; or that they maintained employment records. Thus, to the extent that Plaintiff asserts FMLA claims against Defendant Droder and Defendant Contreras, such claims are dismissed. This Court GRANTS Defendants' motion to dismiss any FMLA claims asserted against Defendant Contreras and Defendant Droder.

## Conclusion

Accordingly, based on the foregoing analysis, it is hereby ORDERED that Defendants' *Rule 12(b)(6) Motions to Dismiss with Prejudice* [37][39] [48][50] are GRANTED.

SO ORDERED, this the 5th day of November, 2018.

/s/ MICHAEL P. MILLS
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**