# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

| | |
|---|---|
| **LALANGIE HOSKINS** | **PLAINTIFF** |
| V. | **CAUSE NO. 3:17CV00224-MPM-JMV** |
| **GE AVIATION** | **DEFENDANT** |

*CONSOLIDATED WITH*

| | |
|---|---|
| **LALANGIE HOSKINS** | **PLAINTIFF** |
| V. | **CAUSE NO. 3:18CV-0099-MPM-JMV** |
| **GE AVIATION** | **DEFENDANT** |

## ORDER

Before the Court is Defendant's Motion to Strike Plaintiff's Experts [73/39][1]. Having given due consideration to the submissions of the parties, the applicable law, and the record, the Court believes the motion should be granted.

According to Defendant, Plaintiff appears to be attempting to disclose expert witnesses, who are "purportedly medical doctors," approximately three months after her expert designation deadline. Specifically, in "core disclosures" dated December 3, 2018, Plaintiff apparently disclosed for the first time Dr. Edwin Linder, "a family medicine specialist . . . [who] has been Plaintiff's physician several years prior and during her employment with GE Aviation and had

---

[1] Document numbers are identified in this order by indicating the lead case document number followed by a slash and the associated case document number.

1

knowledge of her hostile treatment noted on her medical records." Plaintiff also disclosed "Michael Rack, M.D., specializing in Psychiatry, Sleep Medicine [, who] . . . has knowledge of Plaintiff's injuries sustained from GE Aviation." Finally, Plaintiff disclosed Dr. Valerie Arnold,

> a psychiatrist and principal investigator for CNS Healthcare, a clinical trials center that explores treatment and medication . . . Arnold has knowledge of Plaintiff's injuries and will testify that any reasonable person/jury will see how PTSD can result from the hostile environment Plaintiff sustained while employed at GE Aviation.

Defendant contends that to the extent these doctors are to offer expert opinions at trial, they should be stricken.

The June 11, 2018 Case Management Order ("CMO") [43/8] in this case states that initial disclosures had been complied with or would be within fourteen days of entry of that Order. Further, the CMO set Plaintiff's expert disclosure deadline at September 7, 2018. Nevertheless, Plaintiff served her initial disclosures on December 3, only four days prior to the discovery deadline.

Defendant aptly points out that Rule 37(c)(1) of the Federal Rules of Civil Procedure states: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Defendant is also correct in pointing out that if Plaintiff wanted to call these doctors as expert witnesses, either as treating physicians or retained experts, she was required to do so by September 7. Pursuant to L.U.Civ.R. 26(a)(2)(D), "[a] party must designate physicians and other witnesses who are not retained or specially employed to provide expert testimony but are expected to be called to offer

expert opinions at trial." The rule goes on to provide that '[n]o written report is required . . ., but the party must disclose the subject matter on which the witness" is to present expert evidence and a summary of facts and opinions to which they are expected to testify. Federal Rule 26(a)(2)(C) likewise requires that with respect to witnesses who do not have to provide a report, the disclosure must include the subject matter on which the expert is to give opinion testimony and a summary of facts and opinions to which the expert is expected to testify. On the other hand, Federal Rule 26(a)(2)(B) and L.U.Civ.R. 26(a)(2)(D) require that disclosures related to retained or specially employed experts be accompanied by expert reports. Ultimately, L.U.Civ.R. 26(a)(2) provides that if a party fails to make full and complete disclosures as required by Federal Rule 26(a)(2) and Local Rule 26(a)(2)(D) no later than their expert designation deadline, absent a finding of just cause, that failure is grounds for "prohibiting introduction of the evidence at trial."

In this case, it is evident—and Plaintiff essentially concedes—that her disclosures were untimely. Further, the undersigned finds to the extent Plaintiff desires to have her doctors give expert opinion testimony at trial, her disclosures fail to contain the information required by Federal Rule 26 and Local Rule 26, i.e., the disclosures include neither any required expert report nor summaries of both facts and opinions to be offered at trial.[2] *See* L.U.Civ.R. 26(a)(2)(B) ("An attempt to designate an expert without providing full disclosure information as required by this rule will not be considered a timely expert designation and may be stricken . . . .). The undersigned finds Plaintiff's failure to timely and properly disclose her experts was

---

[2] While the disclosure relative to Dr. Arnold includes what could be deemed a summary of her opinion, the fact remains that any purported designation of Dr. Arnold is untimely and fails to include a summary of facts.

3

neither justified nor harmless. *See Robbins v. Ryan's Family Steak Houses East, Inc.*, 223 F.R.D. 448, 453 (S.D. Miss. 2004) (citation omitted) (explaining the court should, before exercising its discretion to strike, consider (1) explanation for the failure, (2) the importance of the proposed testimony, (3) potential for prejudice in allowing the testimony, and (4) the availability of a continuance to cure prejudice). While any proposed expert testimony of Plaintiff's doctors may be of some degree of importance to her case, other factors weigh against permitting such testimony. First, the only reasons Plaintiff offers for her failure to timely and properly disclose experts are her *pro se* status and lack of intent. *See* Pl. Resp. [75/41] 1-2. The Court agrees with Defendant that Plaintiff's *pro se* status does not excuse her from her obligation to follow the rules that govern this litigation. Second, because both the discovery deadline and Defendant's expert designation deadline have expired, it is left without any opportunity to meet Plaintiff's new evidence or conduct discovery with regard to her experts.[3] Third, Plaintiff has not shown there is the availability of a continuance to cure this prejudice. Accordingly, Defendant's motion is granted, and Plaintiff's expert designations are hereby stricken. Drs. Linder, Rack, and Arnold are not stricken in their capacities as mere fact witnesses regarding their treatment of Plaintiff, however. *See Robbins v. Ryan's Family Steak Houses East, Inc.*, 223 F.R.D. 448, 453 (S.D. Miss. 2004).

Finally, in the event a continuance of the trial is requested and obtained, Plaintiff may file a motion for an extension of the expert and discovery deadlines within five (5) business days of

---

[3] In a supplemental Response [81/45] Plaintiff contends she disclosed her doctors to Defendant in August 2018. However, the "proof" she attaches only establishes that she provided this information to Defendants after September 7. Because the Court is granting the instant motion to strike, it is of the opinion that Defendant's motion [82/46] to respond to Plaintiff's supplemental response is MOOT.

the date of an order granting a continuance.

    SO ORDERED this 17th day of January, 2019.


                                                             /s/ Jane M. Virden
                                                             U. S. MAGISTRATE JUDGE